637 F.2d 1338
 209 U.S.P.Q. 193, 1978-81 Copr.L.Dec. 25,225
 TWENTIETH CENTURY-FOX FILM CORPORATION, a corporation;
Arcola Pictures, a corporation; Millfield Productions, Inc.,
a corporation; Columbia Pictures Industries, Inc., a
corporation; Irving Allen Limited; American International
Pictures, Inc., a corporation; American International
Productions (England) Ltd.; Tracom Productions, a
corporation; Universal City Studios, Inc., a corporation;
Universal Film Exchanges, Inc., a corporation; and
Metro-Goldwyn-Mayer, Inc., a corporation, Plaintiffs-Appellees,
v.
Thomas W. DUNNAHOO, individually and doing business as
Thunderbird Films, Defendant-Appellant.
 No. 78-3242.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 10, 1980.
Decided Feb. 2, 1981.
 
 Paul P. Flynn, Sapin & Flynn, Beverly Hills, Cal., for defendant-appellant.
 David A. Gerber, Loeb & Loeb, Los Angeles, Cal., for plaintiffs-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before WALLACE and NELSON, Circuit Judges, and WEIGEL,* District Judge.
 NELSON, Circuit Judge:
 
 
 1
 Appellant Thomas W. Dunnahoo, individually and doing business as Thunderbird Films, appeals from a district court order adjudging him in contempt of court and enforcing the Judgment Pursuant to Stipulation entered July 5, 1972, with respect to three films, "Let That Be Your Last Battlefield", "The Producers", and "The MGM Story". The original judgment permanently enjoined Dunnahoo from dealing in the copyrighted materials of specified motion picture distributors, including appellees (distributors). Dunnahoo advances several arguments on appeal which, if successful, would render the original judgment inapplicable to the films and violations in question. Because we find that none of the arguments has merit we affirm the district court's order.FACTUAL BACKGROUND
 
 
 2
 Dunnahoo and the distributors are parties to the judgment entered July 5, 1972. Essentially, this judgment permanently enjoined Dunnahoo, a distributor of motion picture photoplays who offers non-copyrighted materials for sale to the general public, from using in any way the copyrighted materials of the distributors. The judgment provides a streamlined procedure for enforcement of the specified distributors' copyright rights. The distributors brought the present action against Dunnahoo to enforce the original judgment with respect to four films, "Let That Be Your Last Battlefield", "The Producers", "The MGM Story", and "The Courage of Lassie". Their contention was that Dunnahoo was copying, selling, and offering to sell these particular films, for which the distributors held copyrights, in violation of the judgment. The films were, in fact, deposited and registered with the Copyright Office at the time Dunnahoo obtained his prints and offered the works through his business.
 
 
 3
 The district court, after finding that the original judgment enjoined Dunnahoo from "selling or offering to sell prints or negatives of motion pictures copyrighted by Metro-Goldwyn-Mayer Inc., Paramount Pictures Corp., and Avco Embassy Pictures Corp., among others," held Dunnahoo in contempt of court and in violation of the judgment with respect to all the films, except "The Courage of Lassie", for knowingly offering to sell prints of copyrighted materials. The court awarded $40,000 in damages for the violations, as mandated by the damages provision of the original judgment. This appeal is from the district court's order, and in particular from the enforcement of the judgment with respect to the three films in question and the award of $40,000.
 
 
 4
 Dunnahoo argues that the district court order is erroneous for several reasons. He contends that the award of $40,000 in damages pursuant to the damages provision of the original judgment is an improper enforcement of a penalty. Moreover, he asserts that the three films with respect to which the district court found he had violated the original judgment do not have effective copyright protection for various procedural and technical reasons, and thus are not within the scope of the original judgment. Finally, he suggests that even if his other claims are not successful, the original judgment provides him with an affirmative defense to the enforcement of the damages provision for any violations with respect to the three films of concern in this appeal. We will consider each of Dunnahoo's contentions separately.
 
 DISCUSSION
 I. Consent Decree a Judgment
 
 5
 Dunnahoo's first argument is that the district court's award of $40,000 in damages, as provided for in the liquidated damages provision of the original judgment for any violation of the judgment, is an invalid enforcement of a penalty provision. He contends that because the judgment was entered by consent of the parties it should have the effect of a contract rather than a judgment. As a contract, the validity of its terms would be evaluated under California law. Dunnahoo thus argues that the damages provision is an unenforceable penalty under California law.
 
 
 6
 We need not determine the validity of the damages provision under California law because we do not agree with Dunnahoo's interpretation of the effect of a judgment pursuant to the stipulation of the parties. Instead, we follow the mandate of United States v. Swift & Co., 286 U.S. 106, 115, 52 S.Ct. 460, 462, 76 L.Ed. 999 (1932), by "reject(ing) the argument ... that a decree entered upon consent is to be treated as a contract and not as a judicial act." Relief from any provision of the original judgment thus must be considered under Rule 60 of the Federal Rules of Civil Procedure rather than under a contract law analysis.
 
 
 7
 Rule 60(b) provides that a court "may relieve a party or his legal representative from a final judgment, order, or proceeding" under certain circumstances. Fed.R.Civ.P. 60(b). Sections (1)-(5) of the Rule set forth specific grounds which support relief from a final judgment, while 60(b)(6) allows such relief to be granted for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(1)-(6). We agree with Fleming v. Huebsch Laundry Corp., 159 F.2d 581, 585 (7th Cir. 1947), in that "(w)e think this provision covers all judgments, including consent or default judgments, ..." Dunnahoo's situation does not bring him within the first five provisions, so the determination of whether we will grant relief from the final Judgment Pursuant to Stipulation, and in particular from its damages provision, must be analyzed under Rule 60(b)(6).
 
 
 8
 Relief under Rule 60(b)(6) must be requested within a reasonable time, Morse-Starrett Products Co. v. Steccone, 205 F.2d 244, 249 (9th Cir. 1953), and is available only under extraordinary circumstances. This court has stated that, "In order to bring himself within the limited area of Rule 60(b)(6) a petitioner is required to establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal." Martella v. Marine Cooks & Stewards Union, Seafarers Int. Union, 448 F.2d 729, 730 (9th Cir. 1971), cert. denied, 405 U.S. 974, 92 S.Ct. 1191, 31 L.Ed.2d 248 (1972). Dunnahoo has presented no reason for his failure to challenge the original judgment in the ordinary manner. He merely asserts for the first time that the damages provision is invalid under California law and therefore was erroneously included in the original judgment. We feel that "(n)either the circumstances of petitioner nor his excuse for not appealing is so extraordinary as to bring him within Klapprott (335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949)) or Rule 60(b)(6)." Ackermann v. United States, 340 U.S. 193, 202, 71 S.Ct. 209, 213, 95 L.Ed. 207 (1950).
 
 
 9
 In fact, Dunnahoo's situation bears close resemblance to one previously before this court in Morse-Starrett Products Co., 205 F.2d 244. In that case, the defendant was charged with violating both an original judgment which enjoined him from use of a particular trade name and a later contempt judgment. No appeal was taken from either judgment. The defendant then, in a third proceeding, moved for relief from the original judgment under Rule 60(b). The district court denied that motion and we affirmed, stating that,
 
 
 10
 The provisions of rule 60(b)(6) were not intended to benefit the unsuccessful litigant who long after the time during which an appeal from a final judgment could have been perfected first seeks to express his dissatisfaction. The procedure provided by rule 60(b) is not a substitute for an appeal.
 
 
 11
 Id. at 249.
 
 
 12
 Similarly, Dunnahoo cannot, six years after the entry of the final judgment, rely on Rule 60(b) in order to alter that judgment from which he was not constrained from taking an appeal.
 
 
 13
 This is especially true where, as in the case at bar, the petitioner is attempting to invoke relief under Rule 60(b)(6) with respect to an original judgment rendered by consent. It appears from the record that the liquidated damages provision of which Dunnahoo now complains was "intentionally and deliberately included in the order with the knowledge, consent and approval of all the parties," including Dunnahoo. Hoffman v. Celebrezze, 405 F.2d 833, 837 (8th Cir. 1969). If Dunnahoo feels that the district court erred in including that provision in the final judgment entered July 5, 1972,
 
 
 14
 the normal and appropriate method of attack is a timely appeal. Under the circumstances of this case, Rule 60(b) cannot properly be invoked for the purpose of extending the time for appeal which had already expired.
 
 
 15
 Id. at 837.
 
 
 16
 It is clear that Dunnahoo's failure to appeal the original judgment was not compelled by any extraordinary circumstances. Even if such circumstances did exist, Dunnahoo did not seek relief from the damages provision of the judgment until six years after it was entered. Such a delay does not meet the requirement of the rule that relief be sought within a reasonable time. Because "Rule 60(b) was not intended to provide relief for error on the part of the court or to afford a substitute for appeal," Title v. United States of America, 263 F.2d 28, 31 (9th Cir.), cert. denied, 359 U.S. 989, 79 S.Ct. 1118, 3 L.Ed.2d 978 (1959), it is not an appropriate vehicle by which Dunnahoo may be relieved from the enforcement of any provisions of the original judgment. Thus, the district court properly looked to the damages provision of the original judgment and awarded to the distributors $40,000 as provided therein when determining the appropriate remedy for Dunnahoo's violations.
 
 II. Validity of Copyrights
 
 17
 Dunnahoo's second argument involves a two-pronged attack on the effectiveness of the copyrights of the three films. He first makes a general procedural challenge to the effectiveness of the copyright protection by claiming that the works have entered the public domain because of the distributors' noncompliance with Copyright Office deposit requirements. He next attacks the validity of each of the copyright notices on a specific basis. The appropriate standard for our review of the district court's findings with respect to the effectiveness and validity of the copyrights is that discussed in Farmhand, Inc. v. Lahman Mfg. Co., Inc., 568 F.2d 112 (8th Cir.), cert. denied, 436 U.S. 913, 98 S.Ct. 2254, 56 L.Ed.2d 414 (1978), a case similar to the one at bar in which the validity of a patent was being challenged on the ground of noncompliance with the conditions of patentability:
 
 
 18
 We are required to accept the factual findings of the district court unless clearly erroneous, Fed.R.Civ.P. 52(a), and if the district court applied correct standards of law to the acceptable facts of the case, its judgment must be affirmed.
 
 
 19
 Id. at 115.
 
 
 20
 Thus, if the district court correctly applied the law of copyright we will not reverse its conclusions concerning this aspect of the case unless they were based on clearly erroneous factual findings.
 
 
 21
 Dunnahoo's general challenge asserting the lack of effective copyright protection for the three films rests on the contention that the distributors failed to comply with section 12 of the Copyright Act, 1909 Act, ch. 320, § 12, 35 Stat. 1078 (1909) (current version at 17 U.S.C. §§ 407, 411 (Supp. III 1979)), which requires that two copies of a work be "promptly deposited in the copyright office" after copyright has been secured by publication with notice of copyright. Because there was a lapse of time between the publication and the registration of each film in question, Dunnahoo argues that the works entered the public domain. Such works would not be subject to the terms of the original judgment. However, acceptance of Dunnahoo's argument would require ignoring controlling authority. The Supreme Court in Washingtonian Publishing Co. v. Pearson, 306 U.S. 30, 59 S.Ct. 397, 83 L.Ed. 470 (1939), held that deposit of a work fourteen months after the first publication, during which time the infringement occurred, fulfilled the deposit requirement of section 12 and was sufficient to maintain a suit to enjoin infringement and recover damages. It is necessary only that the works be deposited at any time prior to the initiation of the infringement suit. In fact, lapses of time of up to twenty-seven years between publication and deposit have been held to mean only that a suit cannot be maintained until the time of deposit. Shapiro, Bernstein & Co. v. Jerry Vogel Music Co., 161 F.2d 406 (2d Cir. 1946), cert. denied, 331 U.S. 820, 67 S.Ct. 1310, 91 L.Ed. 1837 (1947).
 
 
 22
 United States v. Backer, 134 F.2d 533 (2d Cir. 1943), further discusses the relationship between copyright protection and the necessity of depositing promptly copyrighted works:
 
 
 23
 It is well settled that publication with notice is sufficient to copyright whatever may be copyrighted at all. The need for a valid registration of a claim to copyright arises only because under § 12 of the 1909 Act there can be no maintenance of an action or proceeding for infringement until the provisions of the Act 'with respect to the deposit of copies and registration of such work shall have been complied with.' (emphasis added).
 
 
 24
 Id. at 535.
 
 
 25
 This statement stresses that the deposit requirement is merely a limitation on the ability to bring an action for infringement at a particular time. It has no effect whatsoever on the validity or enforceability of a copyright.
 
 
 26
 In the instant case, the three motion pictures had been deposited and registered with the Copyright Office prior to the time that the distributors initiated the suit and also prior to the time Dunnahoo's infringement occurred. It is clear that in order to comply with the Supreme Court interpretation of the statutory deposit requirement it is necessary merely to deposit copies at any time prior to bringing an action to enjoin infringement. It is unimportant that the deposit did not occur immediately after publication; the deposit does not even have to have been prior to the acts of infringement. Dunnahoo's argument that the lapse of time between publication and registration acted to place the works in the public domain, and thus beyond the scope of the original judgment, has no basis in the statutory framework outlining the requirements for effective copyright protection and was properly rejected by the district court.
 
 
 27
 Dunnahoo's specific attacks on the validity of each of the copyrights have no greater merit than does his general attack. With respect to "Let That Be Your Last Battlefield", Dunnahoo argues that the notice is a tag notice which does not meet the Copyright Act requirement that notice be affixed to each copy, 1909 Act, ch. 320, § 9, 35 Stat. 1077 (1909) (current version at 17 U.S.C. § 401 (Supp. III 1979)). The definition of a defective tag notice appears in 37 C.F.R. § 202.2(b)(9) (1979): "A notice which is on a detachable tag and will eventually be detached and discarded when the work is put in use."
 
 
 28
 As Dunnahoo acknowledges, the notice on "Battlefield" is on a continuous strip of celluloid at the end of the print. He argues, however, that the notice is defective as a tag because there is a blank portion of the continuous strip between the final credits and the notice. This contention does not have merit. Defective tags share the characteristic of being non-integral parts of a work that are not intended to remain with the work after it leaves the copyright proprietor's control. See Gardenia Flowers, Inc. v. Joseph Markovits, Inc., 280 F.Supp. 776 (S.D.N.Y.1968), Royalty Designs, Inc. v. Thrifticheck Service Corp., 204 F.Supp. 702 (S.D.N.Y.1962). The "Battlefield" notice does not fall within such a category because it is an integral part of the work on the same continuous strip of celluloid. The distributor placed the notice in a proper location and there is no indication that it was intended that the notice be removed from the rest of the strip at any time. Dunnahoo's interpretation of the ineffectiveness of the notice on "Battlefield" is erroneous; the district court correctly applied the law of copyright in reaching the conclusion that "Battlefield" is validly copyrighted.
 
 
 29
 In connection with "The Producers", Dunnahoo argues that the work was not effectively copyrighted because the placement of the copyright notice did not fulfill the Copyright Office requirements. However, Dunnahoo concedes that the notice in "The Producers" was affixed to the film as part of the credits at the beginning of the work. Such a position is clearly included in the Compendium of Copyright Office Practices as one of those that is proper for valid notices:
 
 
 30
 b. Position....
 
 
 31
 2. Registration will be made if the notice appears either in the opening frames containing the title and credits or at the end of the film.
 
 
 32
 3. Registration will be refused if the notice appears only on one of the reels in the middle of the film.
 
 
 33
 Thus, the district court correctly concluded that "The Producers" is validly copyrighted.
 
 
 34
 Finally, Dunnahoo's argument concerning the last film is that "The MGM Story" did not have copyright protection because his 16 millimeter print of "The MGM Story" did not have affixed a copyright notice. The issue with respect to this particular work is whether Dunnahoo's print was a publication authorized by MGM, because only authorized publications must carry a copyright notice in order to maintain copyright protection for the work. Goldman-Morgen, Inc. v. Dan Brechner & Co., Inc., 411 F.Supp. 382 (S.D.N.Y.1976). Dunnahoo did not even attempt to make a showing in the district court that his print had been released with the authority of the copyright owner, MGM. He simply made the unsupported assertion that the 16 millimeter print in his possession which he obtained from a collector in Canada was an original release print. He admits that he did not check with the Copyright Office about the copyright status of "The MGM Story", or with MGM to discover whether it had ever authorized the distribution of the particular print in question even though he knew that MGM was a party to the original judgment. The distributor, on the other hand, did introduce into the record evidence showing that the print in question was not an authorized publication. A declaration of MGM's legal counsel asserted that MGM had neither made nor released a 16 millimeter print of the motion picture.
 
 
 35
 The district court expressly found that "The MGM Story" was copyrighted and registered. The court implicitly found that the print in Dunnahoo's possession was not an authorized publication because Dunnahoo was found to have violated the judgment with respect to "The MGM Story", thus indicating that copyright protection for the work was not lost by the release of an authorized print without notice. This finding of the district court cannot be reversed unless it is clearly erroneous. There is no evidence presented in the record that Dunnahoo's print is an authorized publication, while there is a statement that MGM never made or released a 16 millimeter print. We uphold the district court's decision because it was not clearly erroneous.
 
 III. Defense to Damages Award
 
 36
 Dunnahoo contends that even if the original judgment is to be enforced in whole and the works in question were validly copyrighted, the damages provision of the judgment cannot be enforced in this instance. He asserts that paragraph thirteen of the original judgment, which states in relevant part that,
 
 
 37
 (t)he foregoing damages shall not be recovered ... with respect to a violation or breach ... involving a motion picture ... where an official publication of the United States Copyright Office specifically indicates that a valid and effective copyright does not exist in favor of any of the plaintiffs ...,
 
 
 38
 provides him with a defense which would prohibit enforcement of the judgment with respect to the three films involved in this appeal.
 
 
 39
 To find that Dunnahoo's actions in connection with the films bring him within the defense would require an expansive reading of the provision. Dunnahoo never requested information directly from the Copyright Office regarding the validity of the copyrights and never found any publication that stated specifically that the copyrights for any of the three movies in question were invalid. Instead, he contends that he is entitled to rely on general statements concerning procedure in Copyright Office Circulars and on the lack of records of copyright registration in selected catalogues in order to conclude that copyrights for the three films in question were ineffective. His conclusions of invalidity are based solely on Copyright Office Circular 1, which states in a note that after a work is published with the prescribed notice, two copies "shall be promptly deposited, accompanied by a claim of copyright and the registration fee." From this language concerning prompt deposit Dunnahoo concluded that a copyright notice would be ineffective unless the work were deposited and registered near to the time of publication. Therefore, even though the three films were in fact deposited and registered at the time Dunnahoo obtained his prints, he did not find records of the registrations because he searched only certain catalogues selected on the basis of his interpretation of the requirements for effective copyright protection. Because his limited search revealed no registration, Dunnahoo felt that the three films were not validly copyrighted and thus were not subject to the terms of the original judgment.
 
 
 40
 A problem arises with Dunnahoo's method of search because his conclusion that a copyrighted work must be promptly deposited and registered with the Copyright Office in order for the copyright to be valid is erroneous. In fact, proper notice affixed to a work guarantees protection. United States v. Backer, 134 F.2d 533, 535 (2d Cir. 1943). The only effect of the deposit requirement is to delay suits for infringement until the work is registered. Washingtonian Publishing Co. v. Pearson, 306 U.S. 30, 59 S.Ct. 397, 83 L.Ed. 470 (1939).
 
 
 41
 Dunnahoo thus relied on a mistaken interpretation of copyright law that was drawn from general statements in publications rather than from official statements specifically addressing the validity of the copyrights in question. We find that an erroneous legal inference drawn from general circulars does not suffice to invoke the defense of paragraph thirteen of the original judgment. Therefore, Dunnahoo's reliance on Copyright Office publications does not in this instance protect him from enforcement of the damages provision of the judgment.
 
 CONCLUSION
 
 42
 For the reasons stated above, we find: first, that Dunnahoo cannot obtain relief from enforcement of the damages provision of the original judgment entered July 5, 1972, under Rule 60(b)(6) of the Federal Rules of Civil Procedure; second, that the three films in question are validly copyrighted and are thus subject to the terms of the original judgment; and third, that Dunnahoo's reliance on Copyright Office publications was not sufficient to invoke the defense of paragraph thirteen of the judgment which prohibits the award of damages under certain circumstances.
 
 
 43
 The district court's order adjudging Dunnahoo in contempt of court and enforcing the Judgment Pursuant to Stipulation, entered July 5, 1972, is AFFIRMED.
 
 
 
 *
 Honorable Stanley A. Weigel, United States District Judge, Northern District of California, sitting by designation