28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward J. KOSLA, Plaintiff-Appellant,
v.
STANFORD UNIVERSITY HOSPITAL, Steven R. Dear and Alonzo C.
Maxwell, Defendant-Appellee.
 No. 93-15544.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 20, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward J. Kosla appeals pro se the district court's denial of his motion for reconsideration following the dismissal of his action against Stanford University Hospital and two individuals (collectively "Stanford"). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 We review for an abuse of discretion a district court's denial of a motion for reconsideration. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991).
 
 
 4
 Fed.R.Civ.P. 60(b) allows a court to relieve a party from a final judgment "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." Id. at 1442; accord Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1340-41 (9th Cir.1981).
 
 
 5
 On May 4, 1992, the district court entered an order dismissing Kosla's action "for failure to prosecute, for failure to plead as required by ... [Fed.R.Civ.P. 8] and for failure to oppose ... [Stanford's] motion to dismiss." On November 25, 1992, Kosla filed a "Notice of Ex-Parte Motion for Reinstatement & Scheduling New Settlement Conference" alleging that he was absent from prior court hearings due to his "forced exit from the country." The court treated the filing as a motion for reconsideration and denied it.
 
 
 6
 We discern no abuse of discretion. Kosla failed to adequately explain the alleged circumstances which prevented him from prosecuting his case. See Twentieth Century-Fox Film Corp., 637 F.2d at 1341. Accordingly, the court properly denied Kosla's motion for reconsideration.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We construe the motion as one brought pursuant to Fed.R.Civ.P. 60(b) because it was filed over ten days after the entry of judgment. See Straw v. Bowen, 866 F.2d 1167, 1171-72 (9th Cir.1989) (Rule 59(e) motion must be filed within ten days of underlying judgment). Furthermore, because the notice of appeal was filed over thirty days after the court's order dismissing the action and a Rule 60(b) motion does not toll the time for appeal, we cannot review the merits of the underlying dismissal order. See Straw, 866 F.2d at 1171