**Merrick John BONNEAU, Plaintiff,**

v.

**Brad CLIFTON, James Dakin, Troy Gaugher, Erin Smith, Tai Vu, Colby Panter, Sgt. Harry Jackson, and City of Portland, Defendants.**

**No. CV 00–466–BR.**

United States District Court,
D. Oregon.

Feb. 24, 2003.

---

Judson M. Carusone, CarusoneLaw, P.C., Eugene, OR, Sarah E. Silberger, Carusone-Law, P.C., Portland, OR, for Plaintiff.

Jeffrey L. Rogers, City Attorney, William W. Manlove, Mark M. Moline, Deputy City Attorneys, Portland, OR, for Defendants.

## OPINION AND ORDER

BROWN, District Judge.

This matter comes before the Court on Plaintiff's Motion to Set Aside Order of Dismissal Pursuant to FRCP 60(b)(# 83) and Defendants' Amended Motion to Strike (# 100, # 103). For the following reasons, the Court **DENIES** Plaintiff's Motion and **DENIES as moot** Defendants' Motion to Strike.

### *FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff filed his Complaint against various Portland police officers and the City of Portland on April 7, 2000. Plaintiff alleged Defendants used excessive force when they arrested him in violation of his Fourth Amendment rights. In addition to damages pursuant to 42 U.S.C. § 1983 and based on state law claims for false arrest, battery, malicious prosecution, and witness tampering, Plaintiff sought to recover the attorneys' fees Plaintiff incurred when he successfully defended his criminal prosecution for resisting arrest arising from the same incident. Defendants filed a Motion for Partial Summary Judgment that challenged Plaintiff's right to recover these attorneys' fees.

Although Defendants' Motion was scheduled for oral argument on July 24, 2001, the parties participated in a judicial settlement conference on July 11, 2001, with The Honorable Ann L. Aiken, United States District Judge. The parties agreed to a settlement contingent on approval by the Portland City Council. Under the terms of the settlement, the City of Portland agreed to pay $80,000 to Plaintiff and his attorney, to undertake certain training of police officers, to issue a letter of apology to Plaintiff, and to expunge Plaintiff's arrest record.

At the conclusion of the settlement conference, Judge Aiken conducted a proceeding to put the terms of the settlement agreement on the record. Plaintiff testified under oath that he understood the terms of the settlement, had no questions, knew the agreement was binding, and knew he could not retract the agreement later. The Court then issued a minute order reporting the settlement, retaining jurisdiction over the settlement agreement, and directing the Clerk of Court to issue a 60–day dismissal order.

Accordingly, on July 12, 2001, the Clerk issued an Order of Dismissal that provided in pertinent part:

IT IS ORDERED that ... this action is dismissed with prejudice and without costs and with leave, upon good cause shown within sixty (60) days, to have this order of dismissal set aside and the action reinstated if the settlement is not consummated.

On July 17, 2001, Plaintiff wrote to his

attorney [1] expressing dissatisfaction with the attorney's representation at the settlement conference. On August 1, 2001, Plaintiff appeared at a Portland City Council meeting and attempted to repudiate the settlement agreement. He also wrote a letter to his attorney terminating the attorney's representation. In a document apparently presented to the Portland City Council, Plaintiff stated he was not satisfied with the settlement and believed his attorney had failed to represent him adequately at the settlement conference. Plaintiff also stated he planned to "have the order of dismissal set aside."

On August 8, 2001, Plaintiff's counsel filed a Motion to Withdraw or Substitute an Attorney. The Court found the Motion to Withdraw lacked certain required information and gave counsel directions on how to cure the deficiencies if he wished to proceed. Plaintiff's counsel thereafter filed a Notice of Claim of Attorney's Lien on Settlement Proceeds and claimed $63,000 of the $80,000 settlement for attorneys' fees and costs. Plaintiff's counsel did not amend or otherwise pursue the Motion to Withdraw.

The City Council approved the $80,000 settlement on August 22, 2001. The settlement funds were sent to Plaintiff's attorney on August 27, 2001, with instructions not to negotiate the check until Plaintiff had signed a release and satisfied other terms of the settlement agreement.

On August 30, 2001, Plaintiff filed *pro se* a Notice of Appeal and an Application to Proceed on Appeal In Forma Pauperis. On September 5, 2001, the Court issued an Opinion and Order in which it denied the Application. The Court noted Plaintiff had attempted to appeal the Order of Dismissal directly to the Ninth Circuit even though the 60–day period for setting aside the Order had not yet expired. Plaintiff, however, did not seek to have the Order of Dismissal set aside within the 60–day period.

To date, Plaintiff has not executed the release agreement, and the settlement check has not been negotiated.

### PLAINTIFF'S MOTION TO SET ASIDE ORDER OF DISMISSAL PURSUANT TO FRCP 60(b)

#### Standards

Whether to grant or to deny a motion under Fed.R.Civ.P. 60(b) is within the district court's discretion. *Community Dental Services v. Tani*, 282 F.3d 1164, 1167 n. 7 (9th Cir.2002).

#### Discussion

Plaintiff moves this Court to set aside its Order of Dismissal issued on July 12, 2001, pursuant to Fed.R.Civ.P. 60(b)(3) and (6).[2] Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ...(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

### I. Plaintiff's Motion Was Filed Within a Reasonable Time.

The Order of Dismissal was filed July 12, 2001. Plaintiff filed his Motion to Set Aside Order of Dismissal on July 11, 2002. A motion pursuant to Fed.R.Civ.P. 60(b) must be filed within a reasonable time following entry of judgment, and the motion must be

---

1. John Stanley Sather was Plaintiff's counsel of record in this matter until Plaintiff's current counsel filed their Notice of Representation on July 11, 2002. All references to Plaintiff's "attorney" or "counsel" in this Opinion and Order are to Sather rather than to Plaintiff's current counsel.

2. In his Motion, Plaintiff also invokes Fed. R.Civ.P. 60(b)(1) as a basis for setting aside the Order of Dismissal. Plaintiff, however, offers no argument in support of his assertion that Rule 60(b)(1) applies. The Court, therefore, concludes Plaintiff does not intend to rely on subsection (1) of Rule 60(b).

filed within one year if the motion is asserted under subsections (1), (2), or (3) of the Rule. Plaintiff filed his Motion on the day before the expiration of the one-year period. The Court, therefore, concludes Plaintiff's Motion was filed timely. *See Bookout v. Beck,* 354 F.2d 823, 825 (9th Cir.1965)(motion filed under Rule 60(b) within one year is filed within a reasonable time).

## II. Plaintiff Is Not Entitled to Relief under Fed.R.Civ.P. 60(b).

Plaintiff asks the Court to set aside the Order of Dismissal on two grounds. First, Plaintiff contends the dismissal should be set aside because his attorney's conduct was grossly negligent. Second, Plaintiff argues the Order should be set aside because the settlement agreement was repudiated.

### A. Fed.R.Civ.P. 60(b)(6).

Plaintiff argues the Order of Dismissal should be set aside pursuant to Fed.R.Civ.P. 60(b)(6) because of alleged misconduct by his former attorney.

 A party may be entitled to relief from a judgment under Rule 60(b)(6) "if he demonstrates extraordinary circumstances which prevented or rendered him unable to prosecute his case." *Community Dental,* 282 F.3d at 1168 (internal quotation and citations omitted). Plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Id.* An attorney's gross negligence may constitute "extraordinary circumstances" sufficient to warrant relief under Rule 60(b)(6). *Id.*

 In *Community Dental,* a default judgment was taken against the defendant after defense counsel refused to serve pleadings on opposing counsel, ignored court orders, failed to oppose motions, and failed to attend hearings. The court found defense counsel's conduct resulted "in the client's receiving practically no representation at all" and thus constituted gross negligence. 282 F.3d at 1171.

In this case, Plaintiff asserts he was unaware before the settlement conference that Defendants had filed a Motion for Partial Summary Judgment challenging Plaintiff's right to recover the attorneys' fees Plaintiff incurred in his criminal prosecution as an element of damages in this case. Plaintiff states his attorney did not provide him with copies of the summary judgment pleadings. Plaintiff emphasizes he was unaware of Defendants' contention that the attorneys' fees were not recoverable. Plaintiff argues Defendants' challenge to Plaintiff's claim for attorneys' fees created a conflict of interest because his attorney "had a significant motive to settle my case as he was otherwise going to have to withdraw as counsel and forfeit his contingent fee." It is unlikely, however, that these circumstances would have required counsel to withdraw from the case. *See* DR 5–102 (a lawyer may act as a witness when the testimony relates to the nature and value of legal services rendered in the case).

In any event, the Court need not resolve that question because, even if Plaintiff's assertions are true, the conduct Plaintiff complains about falls far short of the type of misconduct described in *Community Dental.* Plaintiff does not establish his attorney committed gross negligence in this case to the extent that Plaintiff "received practically no representation at all." Indeed, Plaintiff's counsel attended the settlement conference with Plaintiff and participated fully before a neutral settlement judge. Ultimately, the settlement was concluded only because Plaintiff personally confirmed under oath that he agreed to all of the proposed terms. The fact that Plaintiff's attorney failed to advise Plaintiff that Defendants had challenged Plaintiff's right to recover attorneys' fees as an element of damages in his civil case does not constitute the requisite misconduct on the part of Plaintiff's counsel. The Court, therefore, concludes the conduct of Plaintiff's attorney did not constitute gross misconduct sufficient to warrant relief under Rule 60(b)(6).

Finally, even if Plaintiff's attorney was grossly negligent, to be entitled to relief under Rule 60(b)(6) Plaintiff also must show his counsel's misconduct prevented him from challenging the Order of Dismissal in the

ordinary manner. *See Twentieth Century–Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir.1981). As noted, the Order of Dismissal allowed Plaintiff 60 days to reinstate his case if the settlement was not consummated. The record establishes Plaintiff expressed his dissatisfaction with both his attorney and the settlement agreement well within the 60–day limit. In fact, on August 1, 2001, he told the City Council that he intended to seek to have the Order of Dismissal set aside. In addition, in its Opinion and Order issued September 5, 2001, the Court also reminded Plaintiff of the 60–day limitation for setting aside the Order of Dismissal. Plaintiff offers no reason for his failure to move the Court to set aside the dismissal within the time allowed. In any event, Plaintiff has not shown his attorney's conduct prevented him from doing so.

**B. Fed.R.Civ.P. 60(b)(3).**

■ Plaintiff also argues the Order of Dismissal should be set aside because the settlement agreement was repudiated. Plaintiff cites Fed.R.Civ.P. 60(b)(3) as a basis for this argument, but he offers no analysis of that section of the rule. To prevail under Rule 60(b)(3), Plaintiff must prove by clear and convincing evidence that the dismissal was obtained through fraud, misrepresentation, or other misconduct by the adverse party. *See DeSaracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir.), *cert. denied*, 531 U.S. 876, 121 S.Ct. 183, 148 L.Ed.2d 126 (2000).

Plaintiff asserts he is entitled to relief under Rule 60(b)(3) because Plaintiff repudiated the settlement. Relief under Rule 60(b)(3), however, is premised on misconduct by the adverse party. Plaintiff cannot obtain relief merely because he has had a change of heart.

Plaintiff also argues Defendants breached the settlement agreement by refusing to "follow through with the equitable remedies." Plaintiff asserts he has not been notified of the changes and additions to the police training program required under the terms of the settlement agreement and has not received copies of any written training materials. Plaintiff points to the Affidavit of Roger Haven submitted by Defendants as evidence that Defendants have violated the settlement agreement. Plaintiff argues Haven's description of the City's training efforts is inconsistent with the terms of the settlement agreement. Haven, however, expressly states the Portland Police Bureau is complying with the settlement agreement. Plaintiff offers no evidence aside from his own Affidavit to support his allegation that Defendants breached the settlement agreement.[3] Plaintiff's evidence of Defendants' alleged breach of the settlement agreement falls short of the clear and convincing standard and, therefore, is insufficient to warrant relief under Fed. R.Civ.P. 60(b)(3).

Accordingly, the Court concludes Plaintiff is not entitled to relief pursuant to Fed. R.Civ.P. 60(b)(3).

### DEFENDANTS' AMENDED MOTION TO STRIKE

Defendants move to strike paragraph one of the Supplemental Affidavit of Merrick John Bonneau. In paragraph one of his Supplemental Affidavit, Plaintiff quotes a statement attributed to Portland City Council Commissioner Erik Sten. Defendants move to strike the statement on the grounds that it is hearsay and irrelevant. Plaintiff asserts the statement is not hearsay because it is a statement made by a party opponent. *See* Fed.R.Evid. 801(d). Plaintiff quotes Commissioner Sten as follows:

> If the Bar comes to the conclusion that you were not ably represented and were misrepresented—I don't know how all the things wind out—But I would be on the record saying that that aught [sic] to leave you another opportunity for you to try [your case].

Commissioner Sten's statement is not an admission that binds all Defendants to the extent that the settlement agreement should be set aside. Although the statement ex-

---

**3.** In his Reply Memorandum, Plaintiff argues for the first time that Defendants breached the settlement agreement by modifying its terms unilaterally. The Court, however, declines to consider issues raised for the first time in a reply brief.

presses the view of one City Commissioner, the City Council itself and all of the individual Defendants would have to agree with Plaintiff to set aside their otherwise binding settlement. Commissioner Sten's opinion as to the possible result of Plaintiff's complaint to the Oregon State Bar, therefore, is not relevant to any issue before the Court. In any event, the Court did not rely on the material Defendants objected to when the Court decided this matter. The Court, therefore, denies as moot Defendant's Motion to Strike paragraph one of the Supplemental Affidavit.

Defendants also move to strike excerpts of the deposition of John Sather attached to Plaintiff's Supplemental Affidavit on the ground they are not properly authenticated. Plaintiff failed to include a copy of the reporter's certificate as required under *Orr v. Bank of America*, 285 F.3d 764, 774 (9th Cir.2002). Plaintiff, however, corrected this oversight and now has adequately authenticated the deposition excerpts. Accordingly, the Court denies Defendants' Motion to Strike the deposition excerpts.

Finally, Defendants move to strike the Supplemental Affidavit of Alan Stuart Graf submitted by Plaintiff in support of his Reply Memorandum. Graf testifies generally concerning his participation in 2000 in a task force appointed by Portland Mayor Vera Katz to study the issue of police accountability and police misconduct. Plaintiff apparently relies on Graf's testimony to support Plaintiff's assertion that the training agreed to by the City as part of the settlement is important to the Portland community. Graf's testimony also is irrelevant to any issue currently before the Court, and the Court, therefore, did not consider it when the Court decided this matter. Accordingly, the Court denies as moot Defendant's Motion to Strike the Graf Affidavit.

### CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion to Set Aside Order of Dismissal Pursuant to FRCP 60(b)(# 83) in the exercise of its discretion. The Court also **DENIES as moot** Defendants' Amended Motion to Strike (# 100, # 103).

IT IS SO ORDERED.