**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KRYSTAL JASMIN,

          Plaintiff-Appellant,

v.

SANTA MONICA POLICE
DEPARTMENT; et al.,

          Defendants-Appellees.

No.   19-55785

D.C. No.
2:16-cv-06999-FMO-JDE

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted September 9, 2020**

Before:  GRABER, BYBEE, and N. R. SMITH, Circuit Judges.

The district court dismissed most of Plaintiff Krystal Jasmin's claims,

entered summary judgment for Defendants on the remaining § 1983 claim against

Santa Monica Police Department ("Police Department") Officers Jauregui and

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cochran for unlawful arrest, and denied Jasmin's Rule 59 and Rule 60 motions and a motion for recusal. We have jurisdiction under 28 U.S.C. §§ 1331 and 1291, and we affirm.

1. Jasmin's claims against the Police Department, the City of Santa Monica, Los Angeles County, the Los Angeles Department of Children and Family Services ("DCFS"), the DCFS employees, and all Police Department officers except for Officers Cochran and Jauregui were properly dismissed for the reasons stated by the district court. Likewise, all claims against Officers Jauregui and Cochran, except for Claim 3 (for unlawful arrest), were properly dismissed for failure to state a claim.

As to Claim 1, the officers' entry onto the property was not a search or seizure, because Jasmin had no reasonable expectation of privacy in the common area of her apartment complex. *See United States v. Calhoun*, 542 F.2d 1094, 1100 (9th Cir. 1976); *United States v. Nohara*, 3 F.3d 1239, 1241–42 (9th Cir. 1993). The officers' entry into the complex did not, therefore, implicate the Fourth Amendment.

Claim 2, apparently for "excessive show of force," amounts to an allegation that the officers violated Jasmin's rights by sending too many officers to the scene.

That fact, without more, states no valid Fourth Amendment claim. Jasmin does not allege that the officers used excessive physical force in effectuating the arrest.

Claim 4, for conspiracy, alleges insufficient facts to support an inference that there existed between the defendants any "agreement or 'meeting of the minds' to violate constitutional rights." *See Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999) (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989) (en banc)).

2.      Jasmin next argues that the district court erred in granting summary judgment to the officers on her claim for unlawful arrest or false imprisonment in violation of the Fourth Amendment. We disagree. To succeed on this claim, Jasmin must prove that the arrest "was without probable cause or other justification." *Dubner v. City and County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). Probable cause exists when the arresting officers possess facts and information "sufficient to warrant a prudent man in believing that the [person] had committed or was committing an offense." *United States v. McCarty*, 648 F.3d 820, 838 (9th Cir. 2011) (quoting *United States v. Jensen*, 425 F.3d 698, 704 (9th Cir. 2005)). Although Jasmin was arrested for three separate offenses, Jasmin's unlawful arrest claim fails if the officers had probable cause to arrest for any one offense. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 473 (9th Cir. 2007).

Once on the property, and after conducting a lawful investigation, a reasonable officer could have concluded that there was probable cause to arrest Jasmin for public intoxication under Cal. Penal Code section 647(f).

The elements of a violation of Cal. Penal Code section 647(f) are satisfied where "the arrestee is (1) intoxicated (2) in a public place and *either* (3) is unable to exercise care for [her] own safety or the safety of others *or* (4) interferes with or obstructs or prevents the free use of any street, sidewalk, or public way." *People v. Lively*, 13 Cal. Rptr. 2d 368, 370–71 (Ct. App. 1992). The officers received two separate reports from reliable informants with first-hand knowledge that Jasmin was intoxicated and that she had left her children waiting at school for hours. The officers then interviewed Jasmin and personally observed signs of intoxication that corroborated the witness reports. This evidence allowed the officers reasonably to believe that Jasmin was intoxicated to the point of being unable to exercise care for herself or her children, given the reports of her neglectful and erratic behavior and the officers' own observations of her level of intoxication.

3.     The district court did not abuse its discretion in denying Jasmin's Rule 59(e) and Rule 60(b) motions. Jasmin does not point to any change in law or furnish any newly discovered evidence that was unavailable to her before the dismissal of her claims. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255,

4

1262–63 (9th Cir. 1993).  The additional evidence cited by Jasmin was either inadmissible, irrelevant, or insufficient to rebut the undisputed facts underpinning the district court's dismissal. Further, although Jasmin makes claims of a manifest injustice, her claims simply express her dissatisfaction with the district court's decision.  *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (recognizing that a litigant's dissatisfaction with a judgment is not sufficient to establish the "extraordinary circumstances" necessary to permit the litigant relief from the judgment under Rule 60(b)(6)).  Thus, the district court did not abuse its discretion denying the requested relief under Rule 59(e) or Rule 60(b).

4.      Lastly, the district court did not abuse its discretion in denying Jasmin's motion for recusal.  A judge's adverse rulings, without more, do not furnish grounds for recusal.  *See United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978); *see also United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008) (requiring that a movant generally demonstrate that a judge's bias is grounded in some "'extrajudicial source' . . . other than rulings, opinions formed or statements made by the judge during the course of [a case]").

**AFFIRMED.**