**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABC ARBITRAGE S. A., a French corporation, | No. 19-56142 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-07014-SJO-E |
| v. | |
| HERVE CAEN, a citizen and resident of California, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted February 8, 2021[**]
Pasadena, California

Before: TASHIMA, M. SMITH, and MURGUIA, Circuit Judges.

Hervé Caen appeals the district court's denial of his second motion to set aside

the default judgment against him pursuant to Federal Rule of Civil Procedure

60(b)(6). Because the parties are familiar with the facts, we do not recount them

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

here, except as necessary to provide context to our ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Pursuant to Rule 60(b)(6), a court may set aside a default judgment "only where extraordinary circumstances prevented a litigant from seeking earlier, more timely relief." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). Extraordinary circumstances are those "beyond [the party's] control." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). Rule 60(b)(6) requires that the motion be filed "within a reasonable time." Although what is considered reasonable "depends on the facts of each case, relief may not be had where the party seek reconsideration has ignored normal legal recourses." *Alpine Land*, 984 F.2d at 1049 (internal quotation marks omitted).

Extraordinary circumstances do not exist here. Caen does not establish that anything "beyond [his] control prevented" him from taking "timely action to protect [his] interests." *Id.* Instead, Caen argues that the merits of the underlying case warrant setting aside the default judgment. A party's dissatisfaction with a district court's decision, however, does not amount to extraordinary circumstances under Rule 60(b)(6). *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Accordingly, Caen may not use Rule 60(b)(6) as a mechanism for challenging the merits of a case he lost more than two years ago, without offering any excuse for his delay.

2

**AFFIRMED**.