**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHAINIE LINDSEY,

        Plaintiff-Appellant,

 and

SHENIA ELDRIDGE, Guardian ad Litem
for RT3 and RT4; DOMINIQUE
KEATON, Guardian ad Litem for DT;
ANNIE HARRIS, for the Estate of
Reginald Thomas,

        Plaintiffs,

 v.

CITY OF PASADENA; PHILLIP
SANCHEZ; JEFFREY NEWLEN;
THOMAS BUTLER; ROBERT
GRIFFITH; MICHAEL OROSCO;
PHILLIP POIRIER; RAFAEL
SANTIAGO; AARON VILLACANA;
SUSAN GOMEZ,

        Defendants-Appellees.

No.   20-56093

D.C. No.
2:16-cv-08602-SJO-RAO

MEMORANDUM*

Appeal from the United States District Court

---

      * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Submitted January 11, 2022[**]
Pasadena, California

Before: RAWLINSON and CALLAHAN, Circuit Judges, and BLOCK,[***] District Judge.

Plaintiffs-Appellants Shainie Lindsey et al. (Appellants) appeal from the district court's order denying Appellants' motion under Federal Rule of Civil Procedure 60(b)(6) to vacate two orders entered by the district court: (1) denial of Appellants' Motion for Reconsideration of an order denying the imposition of sanctions against Appellees; and (2) denial of Appellants' Ex Parte Application for Enlargement of Time to File Notice of Appeal of Sanctions against Appellants. This appeal is Appellants' second attempt to have this Court address issues relating to these sanctions. *See Lindsey v. City of Pasadena*, No. 18-56582, Dkt. #16 (Sept. 16, 2019). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion a district court's decision to deny a Rule 60(b)(6) motion, and review de novo any questions of law underlying that decision. *See Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020); *see also United States v. Alpine Land &*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

*Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). A district court abuses its discretion if it "bases its decision on an erroneous legal standard or on clearly erroneous findings of fact." *Smith v. Marsh*, 194 F.3d 1045, 1049 (9th Cir. 1999) (citation omitted). Applying these standards, we **AFFIRM** the district court's denial of Appellants' motion.

The district court found that Appellants' motion under Federal Rule of Civil Procedure 60(b)(6) was not timely and that Appellants did not demonstrate extraordinary circumstances justifying relief under the rule.[1] *See Alpine Land*, 984 F.2d at 1049 (noting that relief under Rule 60(b)(6) is to be used only when "extraordinary circumstances" exist). The court reasoned that any perceived error was known to Appellants once the orders were issued, and the motion filed one year later did not warrant relief under Rule 60(b)(6).

Relief under Rule 60(b)(6) must be requested "within a reasonable time." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (citation omitted). To evaluate whether a party's delay in filing a Rule 60(b) motion was reasonable, we consider, among other factors, the party's ability to

---

[1] The district court found that "[a]lthough Plaintiffs fail to identify the specific provision of Rule 60(b) under which their Motion is brought in the Motion itself, the declaration of Plaintiffs' counsel makes clear that Plaintiffs' Motion is brought under Rule 60(b)(6)." Appellants do not dispute this finding.

learn earlier of the grounds relied upon and the reason for the party's delay. *See Bynoe*, 966 F.3d at 980. The district court's finding that any perceived error was known to Appellants as soon as the orders were issued was not clearly erroneous. We have articulated that Rule 60(b)(6) is a sparing remedy that "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Alpine Land*, 984 F.2d at 1049. Rule 60(b) is not a substitute for an appeal. *See Dunnahoo*, 637 F.2d at 1341. Appellants fail to offer any basis, let alone substantiate that basis, for waiting one year to seek to vacate the district court's rulings. Indeed, counsel's only excuse for her tardiness for missing the 30-day jurisdictional filing requirement under Fed. R. App. P. 4(a)(5) (let alone waiting one year to file the Rule 60(b)(6) motion) was rotator cuff injuries. However, the district court noted that she "filed three separate documents and appeared in person before the Court shortly after her injuries and before the 30 day deadline in which to file an appeal."

Thus, Appellants have failed to establish the "extraordinary circumstances"

contemplated by Rule 60(b)(6). *Alpine Land*, 984 F.2d at 1049.[2]

**AFFIRMED.**

---

[2] Appeal from the denial of a Rule 60(b) motion technically involves only the denial of that motion and not the merits of the underlying orders. *See Molloy v. Wilson*, 878 F.2d 313, 315 (9th Cir. 1989). Nonetheless, the district court's denial of Appellants' ex parte application and motion for reconsideration was not clearly erroneous. *See Yu v. Idaho State Univ.*, 15 F.4th 1236, 1241-42 (9th Cir. 2021). Appellants delayed appealing the denial of the application for enlargement of time for nearly two months, despite the 30-day jurisdictional filing requirement and failed to establish excusable neglect or good cause for the delay. *See* Fed. R. App. P. 4(a)(5). In addition, Appellants failed to adequately demonstrate how they were injured by the public disclosure of information that had been designated confidential by Appellees. *See In re Roman Cath. Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011) (referencing "the [party] seeking protection from disclosure" needing to show harm).